**Clinton E. Duke** (9784)
 cduke@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone (801) 415-3000
Facsimile (801) 415-3500

**Andy V. Wright** (11071)
 awright@djplaw.com
**Cole L. Bingham** (14131)
 cbingham@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
3301 N. Thanksgiving Way, Ste 400
Lehi, Utah 84043
Telephone (801) 375-6600
Facsimile (801) 375-3865

*Attorneys for Plaintiff Das Labs, LLC*

**IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF UTAH,**

**CENTRAL DIVISION**

| | |
|---|---|
| DAS LABS, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>BUCKEDUP APPAREL, LLC, a Florida limited liability company,<br><br>    Defendant. | **COMPLAINT**<br><br><br><br><br><br>Case No. 2:17cv00646 TS<br><br>Judge Ted Stewart |

Plaintiff Das Labs, LLC ("**Das Labs**" or "**Plaintiff**"), hereby files this Complaint against Defendant BuckedUp Apparel, LLC ("**BuckedUp Apparel**" or "**Defendant**"), complaining and alleging as follows:

SLC_3366433.1

## PARTIES

1. Das Labs is a Utah limited liability company with its principal place of business in Pleasant Grove, Utah.

2. On information and belief, BuckedUp Apparel is a Florida limited liability company with its principal place of business in Sanford, Florida.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment arising under: (i) the Trademark Laws of the United States, as codified in 15 U.S.C. § 1501 *et seq.* (commonly referred to as the "Trademark Act"); (ii) the Copyright laws of the United States, as codified in 17 U.S.C. § 101 *et seq.* (commonly referred to as the "Copyright Act"); and the Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201 and 2202.  Therefore, this Court has original jurisdiction over the subject matter of this action in accordance with 28 U.S.C. §§ 1331 and 1338.  In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any state law claims arising hereunder.

4. Because BuckedUp Apparel conducts business in the State of Utah and its false assertions of trademark and copyright infringement were directed to Das Labs in the State of Utah, this Court has personal jurisdiction over BuckedUp Apparel pursuant to Utah's long arm statute, which is consistent with the principles of due process.

5. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is a proper venue for this action.

## GENERAL ALLEGATIONS

6. Das Labs re-alleges and incorporates by reference each and every allegation made in the prior paragraphs as though they were fully set forth herein.

7. Das Labs manufactures and sells dietary and nutritional supplements under the brand name Bucked Up.

8. Das Labs has and continues to invest significant resources into its Bucked Up brand, products, reputation, and online presence through its domains buckedup.com and getbuckedup.com, and its hashtag, #getbuckedup.

9. Das Labs is the owner of U.S. Trademark Registration No. 5142781 for the mark "BUCKED UP".  Das Labs' trademark permits it the exclusive use of the mark "BUCKED UP" for dietary and nutritional supplements. (Exhibit 1.)

10. Das Labs uses this trademark in connection with its distinctive deer antler logo as shown below:



11. Das Labs has also filed federal trademark applications for the "BUCKED UP" mark in connection with products such as energy drinks, energy shots, sport drinks, powders used in the preparation of energy or sports drinks, athletic bags, drawstring bags, sack packs, and carrying bags.  (Exhibit 2.)

12. Das Labs has also filed federal trademark applications for the mark "#getbuckedup" in connection with products such as energy drinks, sports drinks, syrups or powders used in the preparation of energy or sports drinks, dietary supplements, nutritional

supplements, athletic bags, drawstring bags, sack packs, carrying bags, caps, hats, hoodies, shirts, and tank tops. (Exhibit 3.)

13. On information and belief, BuckedUp Apparel's business consists of selling outdoor/hunting clothing apparel, such as camouflage apparel, online and through its domain buckedupapparel.com. On information and belief. BuckedUp Apparel does not sell any type of dietary or nutritional supplements.

14. On informant and belief, BuckedUp Apparel is the owner of U.S. Trademark Registration No. 4038320 for the mark "BUCKEDUP," without a space, for use in connection with caps, hats, hooded sweat shirts, jackets, shirts, and shorts. (Exhibit 4.)

15. On information and belief, BuckedUp Apparel is the owner of U.S. Trademark Registration No. 3538618 for the following mark for use in connection with caps, hats, hooded sweat shirts, jackets, shirts, and shorts:



(Exhibit 5.)

16. BuckedUp Apparel also claims to have a visual federal copyright registration for this logo. (Exhibit 6.)

17. BuckedUp Apparel has accused Das Labs of trademark and copyright infringement for the use of Das Labs' BUCKED UP mark and distinctive deer antler logo on cinch bags.

18.     BuckedUp Apparel has also accused Das Labs of trademark and copyright infringement for the use of Das Labs' buckedup.com domain name and distinctive deer antler logo on t shirts.

19.     BuckedUp Apparel has also claimed that Das Lab's use of its distinctive deer antler logo, shown below, on clothing would constitute copyright infringement.



20.     Das Labs sent BuckedUp Apparel a letter disputing these accusations. (Exhibit 7.)  BuckedUp Apparel, however, has not withdrawn its accusations of infringement.

21.     Although Das Labs' main business is the manufacture and sale of nutritional and dietary supplements, it also offers promotional and other brand support products like many other companies. Among these promotional and other brand support products are cinch bags with Das Labs' distinctive deer antler logo accompanied by its BUCKED UP mark. These promotional and other brand support products also include clothing and other apparel with Das Labs' distinctive deer antler logo accompanied by either its domain buckedup.com, its domain getbuckedup.com, or its hashtag #getbuckedup

22.      Because BuckedUp Apparel has accused Das Labs of trademark and copyright infringement, a justiciable case and controversy currently exists between the parties and is ripe for consideration.

## FIRST CLAIM FOR RELIEF
### (Non-Infringement of Trademark)

23. Das Labs re-alleges and incorporates by reference each and every allegation made in the prior paragraphs as though they were fully set forth herein.

24. This is a declaratory judgment action under the Trademark Act and the Declaratory Judgment Act.

25. An actual justiciable controversy exists by way of BuckedUp Apparel's accusation that Das Labs is infringing U.S. Trademark Registration No. 4038320 for the word mark "BUCKEDUP" and also by way of BuckedUp Apparel's demand for Das Labs to cease and desist from using this mark under the threat of immediate litigation.

26. Das Lab's use of its own BUCKED UP mark, with a space, and registered as U.S. Trademark Registration No. 5142781 on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

27. Das Lab's use of its domain names buckedup.com or getbuckedup.com, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

28. Das Lab's use of its hashtag, #getbuckedup, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

29. Das Labs is entitled to declaratory judgment that these uses and prospective uses do not infringe upon U.S. Trademark Registration No. 4038320 and that Das Labs is not liable for infringement of this mark.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Trademark)

30. Das Labs re-alleges and incorporates by reference each and every allegation made in the prior paragraphs as though they were fully set forth herein.

31. This is a declaratory judgment action under the Trademark Act and the Declaratory Judgment Act.

32. An actual justiciable controversy exists by way of BuckedUp Apparel's accusation that Das Labs is infringing U.S. Trademark Registration No. 3538618, shown below and also by way of BuckedUp Apparel's demand for Das Labs to cease and desist from using this mark under the threat of immediate litigation.



33. Das Lab's use of its own distinctive deer antler logo, shown below, on promotional materials such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

SLC_3366433.1



34.     Das Lab's use of its distinctive deer antler logo in connection with either of its domain names, buckedup.com or getbuckedup.com, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

35.     Das Lab's use of its distinctive deer antler logo in connection with its hashtag, #getbuckedup, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of BuckedUp Apparel's trademark as it is not a use of the actual mark and it is not likely to cause consumer confusion.

36.     Das Labs is entitled to declaratory judgment that these uses and prospective uses do not infringe upon U.S. Trademark Registration No. 3538618 and that Das Labs is not liable for infringement of this mark.

**THIRD CLAIM FOR RELIEF**
**(Non-Infringement of Copyright)**

37.     Das Labs re-alleges and incorporates by reference each and every allegation made in the prior paragraphs as though they were fully set forth herein.

38.     This is a declaratory judgment action under the Copyright Act and the Declaratory Judgment Act.

39. An actual justiciable controversy exists by way of BuckedUp Apparel's accusation that Das Labs is infringing a registered copyright for BuckedUp Apparel's deer antler logo and by way of BuckedUp Apparel's demand for Das Labs to cease and desist from using its own logo under the threat of immediate litigation.

40. Das Lab created its own distinctive deer antler logo. It did not copy BuckedUp Apparel's logo.

41. The two logos are noticeably different.



42. Das Labs is entitled to declaratory judgment that its use of its own distinctive logo does not constitute trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Das Labs requests entry of judgment against BuckedUp Apparel based on its alleged causes of action as follows:

(a) An order declaring Das Labs' use of its own BUCKED UP mark, use of its domain name buckedup.com, its domain name getbuckedup.com, or use of its hashtag, #getbuckedup, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of U.S. Trademark Registration No. 4038320;

(b) An order declaring Das Labs' use of its own distinctive deer antler logo in connection with its BUCKED UP mark, its domain names buckedup.com or getbuckedup.com,

or its hashtag, #getbuckedup, on promotional and other brand support products such as cinch bags, shirts, and other apparel does not constitute infringement of U.S. Trademark Registration No. 3538618;

  (c) An order declaring Das Labs' use of its distinctive deer antler logo does not infringe on any copyright BuckedUp Apparel may have in its deer antler logo;

  (d) An order awarding Das Labs its attorney's fees and costs as permitted by law;

  (e) An order awarding Das Labs with Court and other costs as permitted by law; and

  (f) Any other award that the Court may deem just and proper.

DATED this 20th day of June, 2017.

**DURHAM JONES & PINEGAR, P.C.**


__/s/__*Clinton E. Duke*_____
Clinton E. Duke
Andy V. Wright
Cole L. Bingham
*Attorneys for Plaintiff Das Labs, LLC*

Plaintiff's address:
313 S. 740 E., #3
American Fork, Utah 84003